IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENTSPLY INTERNATIONAL INC., | : | |
| | : | |
| Plaintiff, | : | Civ. No._____ |
| | : | |
| v. | : | |
| | : | |
| AMERICAN ORTHODONTICS CORP., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff DENTSPLY International Inc. (hereafter referred to as "DENTSPLY"), for its complaint against defendant American Orthodontics Corporation (hereafter referred to as "American Orthodontics") for patent infringement, pleads and alleges as follows:

## NATURE AND BASIS OF THE ACTION

1. This is a civil action alleging infringement of United States Patent No. 6,276,930 (the " '930 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## PARTIES

2. DENTSPLY is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at Susquehanna Commerce Center, 221 West Philadelphia Street, Suite 60W, York, Pennsylvania 17405-0872. DENTSPLY is a worldwide leader in the manufacture and sale of orthodontic and other dental products.

3. Upon information and belief, American Orthodontics is a corporation organized and existing under the laws of the State of Wisconsin, having its principal place of business at 1714 Cambridge Ave., Sheboygan, Wisconsin 53081.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. The Court has personal jurisdiction over American Orthodontics because, upon information and belief, American Orthodontics is present and doing business in the Commonwealth of Pennsylvania, either directly, or through its

agents, or alternatively, because defendant is otherwise subject to personal jurisdiction under the principles set forth in 42 Pa. C.S.A. §5322(a), because the infringing products complained of herein are being sold in Pennsylvania.

6. Venue in this District is proper under 28 U.S.C. §1391 because American Orthodontics resides in this District, a substantial part of the relevant events or omissions giving rise to the claims occurred in this District, and upon information and belief, American Orthodontics' products at issue in this action are offered for sale in this District, throughout Pennsylvania and throughout the United States of America.

## COUNT I – INFRINGEMENT OF THE '930 PATENT

7. Plaintiff repeats and realleges paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8. On August 21, 2001, the '930 patent, entitled "Orthodontic Aid," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '930 patent is attached hereto as Exhibit A.

9. DENTSPLY is the owner by assignment of all right, title and interest in and to the '930 patent and possesses all rights of recovery thereunder, including

the right to sue and recover all past, present and future damages for infringement thereof, and to enjoin acts of infringement of the '930 patent.

10. Upon information and belief, American Orthodontics has manufactured, used, sold, offered for sale or imported into the United States and this judicial district certain infringing orthodontic brackets bearing indicia that infringe at least claim 1 of the '930 patent, including at least the orthodontic brackets sold by American Orthodontics under the trademark EMPOWER.

11. American Orthodontics had notice of the '930 patent since at least as early as June 10, 2015 during a phone call between DENTSPLY's Jean-Michel Blanchard and American Orthodontics' Randy Benz.

12. American Orthodontics is not now and never has been authorized by DENTSPLY to make, use, sell, offer to sell or import any product or process that falls within the claims of the '930 patent.

13. In violation of 35 U.S.C. § 271, American Orthodontics has infringed and continues to infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, at least claim 1 of the '930 patent at least with respect to its manufacture, use, sale, offer for sale or importation of indicia bearing EMPOWER orthodontic brackets.

14.   DENTSPLY is entitled to recover from American Orthodontics the damages sustained by it as a result of American Orthodontics' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15.   Upon information and belief, such infringement is willful and deliberate and was made and continues to be made with knowledge of the '930 patent. Upon information and belief, such infringement continued after notice by DENTSPLY to American Orthodontics of the existence of the '930 patent and American Orthodontics' infringement thereof. Such acts constitute willful and deliberate infringement and thereby make this case exceptional and entitle DENTSPLY to increased damages (up to three times the amount found or assessed) and reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285.

16.   American Orthodontics' infringement under the '930 patent has and will continue to damage DENTSPLY, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff DENTSPLY International Inc. requests the Court to enter judgment against American Orthodontics Corporation, and against its

subsidiaries, affiliates, agents, servants and employees, together with all persons in active concert or participation with them, in granting the following relief:

    A.    A judgment that American Orthodontics has infringed and is currently infringing the claims of the '930 patent in violation of 35 U.S.C. § 271, and that American Orthodontics' infringement was willful;

    B.    An award of all damages to compensate DENTSPLY for American Orthodontics' past infringement, and any future infringement up to the date such judgment is entered, of the '930 patent, including interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate DENTSPLY for American Orthodontics' infringement, an accounting of all infringing sales, manufacture, uses, importation and offers for sale including, but not limited to, those not presented at trial;

    C.    An award of enhanced damages of three times the amount of actual damages assessed for the '930 patent;

    D.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award to DENTSPLY of its attorney fees, costs, and expenses incurred in this action;

    E.    Preliminary and permanent injunctive relief enjoining American Orthodontics, its officers, agents, servants, employees, and all those persons in

active concert or participation with any of them, from any further acts of infringement of the '930 patent;

F.  An award to DENTSPLY of pre-judgment and post-judgment interest on the damages caused to it by reason of American Orthodontics' infringement of the '930 patent; and

G.  An award to DENTSPLY of such other and further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DENTSPLY hereby demands trial by jury on all claims and issues so triable.

McNEES WALLACE & NURICK LLC

Dated: September 1, 2015

By: /s/Shawn K. Leppo
Shawn K. Leppo (PA 94569)
sleppo@mwn.com
Harvey Freedenberg (PA 23152)
hfreeden@mwn.com
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Telephone: (717) 232-8000
Facsimile: (717) 237-5300
**Attorneys for Plaintiff**