IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENTSPLY INTERNATIONAL INC., | : | |
| Plaintiff | : | No. 15-cv-01706 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| AMERICAN ORTHODONTICS CORP., | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Defendant American Orthodontics Corporation's motion for

protective order.  (Doc. No. 27.)  For the following reasons, the Court will grant in part

Defendant's motion for protective order.

## I.    BACKGROUND

On September 1, 2015, Plaintiff DENTSPLY International Inc. ("Dentsply") filed a

complaint against Defendant American Orthodontics Corporation alleging patent infringement.

(Doc. No. 1.)  Plaintiff alleges that Defendant manufactured and sold orthodontic brackets that

infringe upon United States Patent No. 6,276,930 ("the '930 patent").  (Id. ¶¶ 1, 10.)  Plaintiff

claims to own by assignment the '930 patent and asserts that Defendant was not authorized to

sell products that fall within the claims of the '930 patent.  (Id. ¶¶ 9, 12.)  Defendant filed an

answer on November 11, 2015 (Doc. No. 20), and the Court conducted a case management

conference on February 10, 2016 (Doc. No. 25).

On February 24, 2016, Defendant filed the instant motion for protective order.  Defendant

urges the Court to enter its proposed protective order to govern the use of confidential

information.  (Doc. No. 27.)  Plaintiff DENTSPLY International Inc. agrees that good cause

exists for a protective order and approves of the language of Defendant's proposed protective

order with one exception – the scope of the proposed prosecution bar.  (Doc. No. 28 at 1.)  The motion has been fully briefed.

## II.    LEGAL STANDARD

"[A] patent prosecution bar is a feature of a protective order which restricts the patent-related activities of an individual who receives confidential information from a party during litigation …."  Univ. of Virginia Patent Found. v. Gen. Elec. Co., No. 14-00051, 2016 WL 379813, at *1 n.1 (W.D. Va. Jan. 29, 2016).  The provision recognizes that, under certain circumstances, a recipient of sensitive information would struggle to "compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."  In re Deutsche Bank Trust Co. Americas, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (quoting FTC v. Exxon Corp., 636 F.2d 1336, 1350 (D.C. Cir. 1980)).  In a patent infringement case, this concern arises "when trial counsel [] represent the same client in prosecuting patent applications before the PTO."  Id. at 1379.

A party seeking a patent prosecution bar bears the burden of showing good cause for its inclusion in a protective order.[1]  Id. at 1378.  First, the party must demonstrate "that there is an unacceptable risk of disclosure of confidential information."  Karl Storz Endoscopy-Am., Inc. v. Stryker Corp., No. 14-00876, 2014 WL 6629431, at *1 (N.D. Cal. Nov. 21, 2014) (citing In re Deutsche Bank Trust Co. Americas, 605 F.3d 1373, 1381 (Fed. Cir. 2010)).  Second, the party must show "that the proposed prosecution bar is reasonable in scope."  Id.  Specifically, as to the second prong, the moving party "must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter

---

[1] "[T]he determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law."  In re Deutsche Bank Trust Co. Americas, 605 F.3d at 1378.

covered by the bar reasonably reflect the risk presented by the disclosure of proprietary

competitive information."  In re Deutsche Bank Trust Co. Americas, 605 F.3d at 1381.

## III.   DISCUSSION

The parties disagree over whether Defendant's proposed prosecution bar is reasonable in

scope.  (Doc. Nos. 27 at 1; 28 at 1.)  As a result, the Court's inquiry is limited to the scope of the

proposed patent prosecution bar.  (Doc. No. 29 at 2.)

Defendant American Orthodontics Corporation argues that the scope of the patent

prosecution bar should cover the field of "orthodontics and dentistry."  (Doc. No. 28 at 2, 10.)

Paragraph 9 of Defendant's proposed protective order states, in relevant part:

> 9.    Absent written consent from the party producing such information, any
> individual who receives and accesses information of another party designated
> "Confidential – Attorneys' Eyes Only" will not be involved in the prosecution of
> patents or patent applications that relate to the subject matter of the patents-in-suit
> (namely orthodontics and dentistry) … For purposes of this paragraph,
> "prosecution" includes directly or indirectly drafting, amending, advising, or
> otherwise affecting the scope or maintenance of the claim of a patent or patent
> application. … This prosecution bar shall begin when any "Confidential –
> Attorneys' Eyes Only" information of another party is first received and accessed
> by the affected individual and will end two (2) years after this case, including any
> appeals, is concluded.

(Doc. No. 27-1 ¶ 9) (emphasis added).  According to Defendant, "orthodontics and dentistry"

corresponds to the "field in which the confidential information sought by [Plaintiff] Dentsply

'reasonably could be used.'"  (Id. at 11-12.)  Defendant cites Plaintiff's discovery requests about

orthodontic brackets as potentially revealing manufacturing processes and trade secrets in buccal

tubes, molar bands, arch wires, and dentures.  (Id. at 12.)

Plaintiff Dentsply proposes that the Court limit the scope of the prosecution bar to

"orthodontic brackets" or "orthodontic brackets, buccal tubes, molar bands, and arch wires."

(Doc. No. 29 at 2.)  Plaintiff contends that a narrower scope would be commensurate with the

"actual subject matter of the patent-in-suit, U.S. 6,276,930 [,] which has claims directed to

orthodontic brackets bearing indicia." (Id.)  According to Plaintiff, Defendant's proposal is "unreasonably broad" and exceeds any reasonable need to protect against inadvertent disclosures.  (Id.)

 A "party seeking imposition of a patent prosecution bar must show that … the subject matter covered by the bar reasonably reflect[s] the risk presented by the disclosure of proprietary competitive information."  In re Deutsche Bank Trust Co. Americas, 605 F.3d at 1381.  "[C]ourts have consistently held that prosecution bars that are co-extensive with the subject matter of the asserted patents … are proper in scope."  Boston Sci. Corp. v. Cook Grp. Inc., No. 15-980, 2016 WL 1601238, at *3 (D. Del. Apr. 25, 2016) (collecting cases); accord Front Row Techs., LLC v. NBA Media Ventures, LLC, 125 F. Supp. 3d 1260, 1283 (D.N.M. 2015) ("Courts generally center the subject matter that prosecution bars cover on the patents at issue in their cases.")  For example, in Applied Signal Tech., Inc. v. Emerging Markets Communications, Inc., a district court expounded upon this principle by stating:

> [I]n determining the scope of the proposed prosecution bar, the relevant question is not to which field the accused products are currently limited, but instead in which fields the patented technology reasonably could be used, i.e. the areas of technology where there is risk that individuals may inadvertently exploit their new knowledge in future patent prosecution.

No. 09-02180, 2011 WL 197811, at *3 (N.D. Cal. Jan. 20, 2011) (emphasis in original).

 Here, the Court finds that Defendant American Orthodontics Corporation has not met its burden of showing that a prosecution bar covering the field of "orthodontics and dentistry" reasonably reflects the risk of inadvertent disclosure.  First, the subject matter of the asserted '930 patent concerns orthodontic aids and brackets.  The patent documents describe the '930 patent as relating to the manufacturing of "an orthodontic bracket having a retention base for a respective tooth and identifying indicia in relation to the tooth for which the orthodontic aid is suitable."  (Doc. No. 1-2 at 5.)  Similarly, in the joint case management plan, Defendant

described the '930 patent as concerning "orthodontics brackets with indicia on the backside thereof."  (Doc. No. 24 at 2.)

Second, Defendant has cited only the fields of buccal tubes, molar bands, arch wires, and dentures as areas of technology, outside the field of orthodontic brackets, "where there is risk that individuals may inadvertently exploit their new knowledge in future patent prosecution." (Doc. No. 28 at 11-12.)  Defendant's proposed prosecution bar would appear to cover subject matter beyond the fields in which the accused products are either currently used or reasonably could be applied.[2]  Accordingly, the Court is not persuaded that Defendant's proposed prosecution bar – broadly covering "orthodontics and dentistry" – reasonably reflects the risk of inadvertent disclosure.

## IV.   CONCLUSION

The Court will grant in part Defendant's motion for protective order.  (Doc. No. 27.)  A protective order consistent with this memorandum follows.

---

[2] In contrast, Plaintiff Dentsply's proposal that a prosecution bar cover "orthodontic brackets, buccal tubes, molar bands, and arch wires" appears to be "appropriately tailored" to protect confidential information from inadvertent disclosure.  (Doc. No. 29 at 14); see Kelora Sys., LLC v. Target Corp., No. 10-04947, 2011 WL 6000759, at *8 (N.D. Cal. Aug. 29, 2011).