IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENTSPLY INTERNATIONAL INC.,** | : | |
| Plaintiff | : | No. 15-cv-01706 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **AMERICAN ORTHODONTICS CORP.,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, on this 20th day of July 2016, upon having found that good cause exists for the entry of a protective order to protect the parties from injury that might result from the public disclosure or dissemination of such confidential information, **IT IS HEREBY ORDERED THAT** Defendant American Orthodontics Corporation's motion for protective order (Doc. No. 27), is **GRANTED IN PART** as follows:

1. As used in this Order, these terms have the following meanings:

    a. "Attorneys" means outside counsel of record;

    b. "Confidential" documents are documents designated pursuant to paragraph 3;

    c. "Confidential – Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 6;

    d. "Documents" are all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure;

    e. "In-House Counsel Designee" an in-house counsel who is an employee of a party to this action which is designated in accordance with paragraph 2 below;

    f. "Outside Vendors" means non-employee messenger, copy, coding, and other clerical-services vendors retained by a party or its Attorneys.

2. Each party is allowed to designate one (1) In-House Counsel Designee who may receive documents produced by the producing party that have been designated "Confidential" if disclosure is solely for evaluating, maintaining, or defending this litigation. The In-House Counsel Designee shall be identified in writing, including by providing the In-House Counsel Designee's full name and job title to the producing party prior to the disclosure of any documents designated as "Confidential"  The In-

House Counsel Designee a) must not be regularly involved in product design or development outside of normal legal advice to the business, b) must not be involved in or responsible for patent prosecution, and c) must not be regularly involved in activities that involve advising or participating in the pricing, product design, and/or strategic marketing of products or services relating to the subject matter of orthodontics outside of normal legal advice to the business;

3. By identifying a document "Confidential," a party or non-party certifies in good faith that such material is a trade secret or other confidential research, development, or commercial information. The following information is not "Confidential":

   a. (a) any information that is legitimately available in the public domain;

   b. (b) any information that has been published to the general public; and

   c. (c) any information that a receiving party can show was received by it from a source who obtained the information lawfully and is under no obligation of confidentiality to the disclosing party.

4. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 5 or 6. Any other use is prohibited;

5. Access to any "Confidential" document shall be limited to:

   a. (a) The Court and its staff;

   b. (b) Attorneys, their law firms, and their Outside Vendors that have signed the undertaking attached as Exhibit A agreeing to be bound by the terms of this Protective Order;

   c. (c) Persons shown on the face of the document to have authored or received the document;

   d. (d) Court reporters retained to transcribe testimony;

   e. (e) The In-House Counsel Designee in accordance with paragraph 2; and

   f. (f) Outside independent experts or consultants who are retained by a party or its Attorneys to furnish technical or expert services, consult, and/or to give testimony for this action and who have signed the undertaking attached as Exhibit A agreeing to be bound by the terms of this Protective Order.

6. The parties shall have the right to further designate "Confidential" documents or portions of documents as "Confidential – Attorneys' Eyes Only." Disclosure of such

information with this designation shall be limited to the persons designated in paragraphs 5(a), (b), (c), (d) and (f).  In designating documents as "Confidential - Attorney Eyes Only," a party or non-party certifies in good faith that such material is not only "Confidential" as that term is defined herein, but in addition that the disclosure of such information to the receiving party may injure the producing party in its trade or business;

7. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action;

8. For outside independent experts or consultants designated in paragraph 5(f) of this Order, prior to disclosing documents and things of another party designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order, such expert or consultant shall be provided with a copy of this Order and must execute a written statement under oath, in the form attached hereto as Exhibit A, that he or she is familiar with the terms of this Order and will abide by them.  Each outside expert or consultant that is a former employee of the other party or an officer, employee or at least part of owner of a competitor to the other party shall be identified to the other party prior to making any such disclosure at least five (5) business days prior to disclosure, including a resume, current address, and any consultations within the past four (4) years.  If any party objects, no disclosure shall be made to such expert or consultant until the matter is resolved;

9. Absent written consent from the party producing such information, any individual who receives and accesses information of another party designated "Confidential – Attorneys' Eyes Only" will not be involved in the prosecution of patents or patent applications that relate to the subject matter of the patents-in-suit (namely orthodontic brackets, buccal tubes, molar bands, and arch wires), before any foreign or domestic agency, including the United States Patent and Trademark Office ("Patent Office"); and, in any event, will not use any such information for purposes of the prosecution of any patent or patent application before any foreign or domestic agency, including the Patent Office.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of the claim of a patent or patent application. Notwithstanding the foregoing, the prohibition against recipients of "Confidential – Attorneys' Eyes Only" information participating in patent prosecution does not preclude litigation counsel from representing a party challenging or defending (including, but not limited to, the amendment of claims of) an issued patent before a domestic or foreign agency (including, but not limited to, an <u>inter partes</u> review, post grant review, or reexamination proceedings). This prosecution bar shall begin when any "Confidential – Attorneys' Eyes Only" information of another party is first received and accessed by the affected individual and will end two (2) years after this case, including any appeals, is concluded;

10. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential –

3

Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within ten (10) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be taken only in the presence of persons who are qualified to have access to such information;

11. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents;

12. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents, and all copies, be returned or destroyed. In addition, any party that receives a document, the content of which on its face clearly contains information that is privileged or otherwise immune from discovery, shall, promptly upon discovery of the same, so advise the producing party. The producing party shall have three (3) business days from the time such inadvertent disclosure was discovered to request that the document(s), and all copies, be returned or destroyed. During the interim (3) business day period, the receiving party shall not utilize, communicate or disseminate such documents or information in any public setting by filing with the court, use in deposition or otherwise. The receiving party shall return such inadvertently produced documents, including all copies, within ten (10) days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. No inadvertent disclosure of documents containing information that is privileged or otherwise immune from discovery shall be deemed to be a waiver of such privilege or other immunity and inadmissible in this or any other federal or state proceeding;

13. A party filing a document containing "Confidential" or "Confidential - Attorneys' Eyes Only" information with the Court, shall do so under seal in compliance with the local rules for the Middle District of Pennsylvania and need not seek leave. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court;

14. Any party may request that a particular individual be provided access to certain identified discovery materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" by another party. The parties agree that such requests will be

considered in good faith and that access will not be unreasonably withheld.

15. Any party may request a change in the designation of any information designated "Confidential" or "Confidential – Attorneys' Eyes Only." Any such document shall be treated as originally designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Confidential – Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is "Confidential" or "Confidential – Attorneys' Eyes Only" shall have the burden of proving that the information in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure;

16. Within sixty (60) days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents, except for electronically stored information that has been archived or is otherwise inaccessible. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all work product generated in connection with the action;

17. Within sixty (60) days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall be allowed to remove any materials designated by that party as "Confidential" or "Confidential – Attorneys' Eyes Only" from the office of the Clerk of Court;

18. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate;

19. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence; and

20. The obligations imposed by this Protective Order which by their nature should survive the termination of this action, shall so survive.

                                        S/ Yvette Kane
                                        Yvette Kane, District Judge
                                        United States District Court
                                        Middle District of Pennsylvania

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENTSPLY INTERNATIONAL INC.,** | : | |
| Plaintiff | : | No. 15-cv-01706 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **AMERICAN ORTHODONTICS CORP.,** | : | |
| **Defendant** | : | |

**<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____, state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job title is _____;

4. I agree to keep confidential all information provided to me in the matter Dentsply International, Inc. v. American Orthodontics Corp., Civil Action No. 1:15-CV-01706, and to be subject to the jurisdiction and authority of the United States District Court for the Middle District of Pennsylvania in the event of any violation of this agreement or dispute related to this agreement.

5. I have been informed of or read the Stipulated Protective Order entered in the above case, and I will not divulge any "Confidential" or "Confidential – Attorneys' Eyes Only" documents or information to persons other than those specifically authorized by said Order.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the _____ day of _____, \_\_\_\_\_

_____