**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENTSPLY INTERNATIONAL INC., | : | |
| | : | |
| Plaintiff/Counterclaim Defendant | : | CASE NO. 1:15-cv-01706-YK |
| | : | |
| v. | : | JUDGE KANE |
| | : | |
| AMERICAN ORTHODONTICS CORP. | : | |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |

**BRIEF IN SUPPORT OF AMERICAN ORTHODONTICS
CORPORATION'S UNOPPOSED MOTION TO STAY**

Defendant/Counterclaim Plaintiff American Orthodontics Corporation,

("American Orthodontics") submits this brief in support of its Motion to Stay the

present litigation pending the outcome of *inter partes* review ("IPR") by the United

States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board

("PTAB") of claims 1-10 of U.S. Patent No. 6,276,930 (the "'930 patent").

Plaintiff/Counterclaim Defendant Dentsply International, Inc. ("Dentsply") does

not oppose the Motion to Stay.

## I.    PROCEDURAL HISTORY

On September 1, 2015, Dentsply filed a complaint against American

Orthodontics alleging infringement of the '930 patent. (Compl., ECF No. 1.)

American Orthodontics timely answered on October 30, 2015. (Def.'s Answer,

Affirmative Defenses, and Countercl., ECF No. 20 (hereinafter, "Answer").) In addition to affirmative defenses of non-infringement and invalidity of the '930 patent, American Orthodontics asserted counterclaims for declaratory judgment of non-infringement and invalidity of the '930 patent. (Answer 4-6.)

On December 2, 2015, the Court issued an initial scheduling order. (Order, ECF No. 23.) Pursuant to the scheduling order, the Parties filed a joint case management plan on February 5, 2016, (Joint Case Mgmt. Plan, ECF No. 24), and the Court held a scheduling conference on February 10, 2016.

On February 24, 2016, American Orthodontics filed a motion for a protective order to govern the treatment of confidential information in the case, (Def.'s Mot. for Protective Order, ECF No. 27), which the Court granted in part on July 20, 2016. (Order, ECF No. 32.) American Orthodontics now moves the Court to stay the litigation pending the outcome of the PTO's IPR of the '930 patent.

## II.    STATEMENT OF FACTS

Dentsply filed suit against American Orthodontics on September 1, 2015, alleging infringement of the '930 patent. (Compl. 3-4.) The '930 patent is entitled "Orthodontic Aid." The patent claims an orthodontic bracket having mesh identifying markings on the backside of the bracket base. (Compl. Ex. A; U.S. Patent No. 6,276,930 col. 4 l. 40 – col. 6 l. 9 (filed Nov. 19, 1999)).

On January 15, 2016, American Orthodontics served Dentsply with interrogatories and requests for production of documents. On January 21, 2016, Dentsply served American Orthodontics with interrogatories and requests for production of documents. Both Parties timely answered, but neither Party has produced documents to the other, nor have the Parties conducted depositions or expert discovery.

On February 18, 2016, Dentsply filed proposed construction of claim terms, which it subsequently amended on March 9, 2016, but the Parties have not yet participated in a *Markman* hearing with the Court. There are currently no deadlines for discovery or dispositive motions, and no date has been set for trial.

On August 19, 2016, American Orthodontics filed a petition for IPR with the PTO. The petition presents eight prior art references and proposes 35 U.S.C. § 103 as grounds for rejection, addressing all ten claims of the '930 patent, including the six claims (claims 1, 2, 4, 6, 7, and 9) Dentsply asserts in this litigation. (Def.'s Resp. to Pl.'s 1st Set of Interrog. to Def., No. 11.)

III.   **STATEMENT OF QUESTIONS INVOLVED**

The issue before the Court is whether to stay this case pending resolution of American Orthodontics's petition for *inter partes* review of the '930 patent.

## IV.   ARGUMENT

The Court should stay this case until the IPR sought by American Orthodontics's before the PTO is adjudicated. Staying this case at such an early stage will conserve both the Court's and Parties' resources by simplifying, if not completely resolving, the issues at hand. IPR is a streamlined procedure specifically designed as an alternative to litigation that allows courts and litigants to avoid expending unnecessary resources.

If the PTO cancels the '930 patent's claims, the litigation will promptly end. If the PTO upholds some or all of the claims, the Court will benefit from a reduction in the number of valid claims and a reduction in the number of invalidity grounds as the PTO will have made a determination as to the grounds American Orthodontics is advancing before it.

Alternatively, if the Court proceeds on a parallel course, the Parties will have to expend additional resources presenting the same or similar issues before the Court and the PTO, and the Court may have to reconsider issues, such as validity, once the PTO issues its decision. The delay caused by staying the litigation will not unduly prejudice Dentsply, and Dentsply does not oppose this Motion. In view of the potential benefits of an IPR, the Court should stay this case.

### A.    *Inter Partes* **Review**

*Inter partes* review provides a mechanism through which a party may "request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311. IPR provides "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs . . . to create a timely, cost-effective alternative to litigation." Changes to Implement Inter Partes Review Proceedings, 77 Fed. Reg. 48680 (Aug. 14, 2012).

### B.    **Legal Standards for Granting a Stay.**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination.").

In deciding whether to grant a stay pending *inter partes* review, district courts must consider the following factors: (1) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay would unduly prejudice the

nonmoving party. *See, e.g., Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, No. 3:15-cv-30005, 2016 WL 1735330, at *2 (D. Mass. Apr. 28, 2016); *c.f. VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (considering the same three factors in determining whether to grant motion to stay pending covered business method[1] patent review); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:CV-06-1105, 2008 WL 2595106, at *1 (M.D. Pa. Jun. 27, 2008).

Courts have granted stays before the PTO decides whether to institute an IPR because of the high probability that the PTO will institute the IPR and because the "potential benefits of IPR outweigh the relatively modest delay resulting from the stay if the petition for IPR is denied." *Intellectual Ventures II, LLC v. Commerce Bancshares, Inc.*, No. 2:13-cv-04160, 2014 WL 2511308, at *4 (W.D. Mo. Jun. 4, 2014); *accord Ignite USA, LLC v. Pac. Mkt. Int'l, Inc.*, No. 14 C 856, 2014 WL 2505166, at *4 (N.D. Ill. May 29, 2014); *Norred v. Medtronic, Inc.*, No. 13-2061, 2014 WL 554685, at *4 (D. Kansas Feb. 12, 2014); *Evolutionary Intel., LLC v. Yelp, Inc.*, No. C-13-03587, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013); *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298, at *3 (S.D. Tex. Sep. 26, 2013); *SSW Holding Co. v. Schott Gemtron Corp.*, No. 3:12-CV-661-S, 2013 WL 4500091, at *4 (W.D. Ky. Aug. 21, 2013).

---

[1] A covered business method patent review, or CBM, is another type of post grant review of a patent before the PTO which claims a business method.

In the present case, each of the three stay factors weighs heavily in favor of a stay pending resolution of the IPR of the '930 patent sought by American Orthodontics.

### C. The Litigation is in Its Early Stages, and a Stay Will Conserve the Court's and Parties' Resources.

This case is in its early stages and is ideally postured for a stay. "Staying a case that is in an early stage of litigation advances judicial efficiency and maximizes the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Destination Maternity Corp. v. Target Corp.*, 12 F.Supp.3d 762, 770 (E.D. Pa. 2014) (internal quotations omitted). A stay in this case will conserve the Court's and the Parties' time, resources, and funds.

Discovery has barely begun and a schedule has not been set. The Parties have exchanged interrogatories and document requests, but they have not produced any documents, exchanged expert reports, or taken any depositions. The Parties have not prepared or filed any discovery motions, dispositive motions, or claims construction briefs. The Court has not had to resolve any discovery disputes, and has not held a *Markman* hearing. The only motion considered by the Court was a motion for protective order. No trial date is set, nor are there any deadlines for fact or expert discovery or dispositive motions. "By patent litigation standards, the proceedings in the instant case are at a very early stage." *Irwin*, 2016 WL 1735330 at *3 (holding that the stage of litigation "strongly" favored a stay where

"discovery [had] just begun, no *Markman* hearing [had] been held, no claim construction pleadings [had] been filed or considered by the court, and no trial date [had] been set."). The early stage of the litigation strongly favors granting a stay.

> **D.   A Stay Will Simplify the Issues in Question and Streamline the Trial.**

A stay will significantly simplify the issues in this case because it will reduce the number of issues that the Court will need to consider, if not eliminate the case before the Court altogether. "A 'stay is particularly justified where the outcome [of PTO proceedings] would be likely to assist the court in determining patent validity and, if the claims were canceled . . . would eliminate the need to try the infringement issue.'" *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-333, 2014 WL 6388489, at *2 (D. Maine Nov. 14, 2014) (quoting *In re Cygnus Telecomm. Tech., LLC,* 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2006)).

American Orthodontics's IPR petition challenges the validity of all ten claims of the '930 patent. Thus, if the PTO cancels all ten claims, the PTO's decision would eliminate the need for a trial, and the case would be dismissed. *Irwin*, 2016 WL 1735330 at *3 ("the IPR ruling will eliminate the need for any trial if all claims are cancelled"); *VirtualAgility*, 759 F.3d at 1314 ("This CBM review could dispose of the entire litigation:  the ultimate simplification of issues.").

Even if one or more of Dentsply's claims survive IPR, the PTO's decision will simplify the issues and streamline the trial. If the PTO issues a final written decision, American Orthodontics will be estopped from asserting in this litigation that Dentsply's claims are "invalid on any ground that [American Orthodontics] raised or reasonably could have raised during the [IPR]." 35 U.S.C. § 315(e)(2). In addition, the Court will have the benefit of the PTO's expert opinion and analysis regarding the prior art, scope of the claims, and validity of the patent. *Irwin*, 2016 WL 1735330 at *3 ("[E]ven if most or all of the claims survive IPR, the PTAB's order will facilitate trial by providing the court with the PTAB's expert opinion and likely will clarify the scope of the claims remaining for trial.").

A stay will simplify the issues and streamline the case in several other ways. For example, "many discovery problems relating to the prior art can be alleviated." *Destination Maternity*, 12 F.Supp.3d at 769 (citation omitted). The IPR may encourage a settlement. *Id*. Also of benefit, the IPR record becomes a part of the file history and will likely be entered at trial, thereby reducing the complexity and the length of the litigation. *Id*. Further, "issues, defenses, and evidence will be more easily limited in pre-trial conferences." *Id*. Finally, "the cost will likely be reduced both for the parties and the court." *Id*.

A stay will undeniably simplify the issues and streamline the case if not eliminate it altogether. The second factor, therefore, strongly favors a stay.

### E.     A Stay Will Not Unduly Prejudice Dentsply or Give American Orthodontics a Tactical Advantage.

Dentsply will not suffer undue prejudice from a stay, and does not oppose this Motion. Significantly, "all of Plaintiff's legal and equitable remedies will be available when the stay is lifted; a stay does not foreclose Plaintiff from any remedy." *Oy Ajat, Ltd. v. Vatech Am., Inc.*, No. 10-4875, 2012 WL 1067900, at *21 (D.N.J. Mar. 29, 2012). "A stay will not diminish the monetary damages to which [Plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ." *VirtualAgility*, 759 F.3d at 1318. In fact, "[i]f the claims of the patents-in-suit are ultimately confirmed, Plaintiff's position may be strengthened and its likelihood of recovering monetary damages may increase." *Oy Ajat*, 2012 WL 1067900 at *21. Thus, a stay will not unduly prejudice Dentsply by causing it to lose any remedy.

In view of the minimal prejudice to Dentsply, the fact that Dentsply is not opposing this Motion, and the potential benefits of an IPR, the third factor favors granting a stay.

## V.     CONCLUSION

Each of the three factors that this Court should consider favors the granting of a stay. Therefore, the Court should grant American Orthodontics's Unopposed Motion to Stay the case pending resolution of the IPR for the '930 patent sought by

American Orthodontics. A proposed form of order was submitted with the Motion to Stay.

Respectfully submitted,

*s/ Jayson R. Wolfgang*
Jayson R. Wolfgang
Kyle J. Meyer
BUCHANAN INGERSOLL ROONEY PC
409 North Second Street, Suite 500
Harrisburg, PA 17101-1357
Phone: (717) 237-4800
Fax: (717) 233-0852

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703-3300
Phone: (608) 257-3911
Fax: (608) 257-0609

Shane Delsman
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Defendant/Counterclaim*
*Plaintiff American Orthodontics Corp.*

Dated: October 12, 2016

## CERTIFICATE OF SERVICE

I, Jayson R. Wolfgang, hereby certify that a true and correct copy of the foregoing document was served on October 12, 2016, via the Court's CM/ECF system to the following:

Shawn K. Leppo (SLeppo@mwn.com)
Harvey Freedenberg (HFreeden@mwn.com)
McNees Wallace & Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166


*s/ Jayson R. Wolfgang*
Jayson R. Wolfgang